IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| MITAL PATEL,<br><br>    **Plaintiffs**,<br><br>v.<br><br>DENIS MCDONOUGH,[1]<br>**Secretary of the U.S. DEPARTMENT OF VETERANS AFFAIRS,**<br><br>    **Defendant**. | CIVIL ACTION NO.: 1:21-CV-131<br>(JUDGE ALOI) |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS [ECF NO. 28]**

Pending before the Court is Defendant's Motion to Dismiss for Failure to State a Claim. [ECF No. 28]. For the reasons set forth herein, it is hereby **ORDERED** that the Motion, [ECF No. 28], be **DENIED**.

  **I.**  **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Mital Suman Kumar Patel, M.D., ("Plaintiff") is a physician of Indian national origin who completed medical school and orthopedic surgery residency in Vadodara, India. [ECF No. 7, ¶¶ 10-14]. Plaintiff completed a one-year orthopedic surgery fellowship at Lennox Hill Hospital in New York, New York. Next, while serving as a senior orthopedic surgical fellow at the University of Washington in Seattle, Washington, Plaintiff received privileges to practice orthopedic surgery at the Puget Sound VA Medical Center ("Puget Sound VAMC"). [Id. ¶ 14]. Plaintiff is licensed to practice medicine as an orthopedic surgeon by the state of Wisconsin. [Id. ¶ 15].

---

[1] Denis McDonough is automatically substituted for Robert Wilkie, pursuant to Fed. R. Civ. P. 25(d).

In 2015, in response to a vacancy announcement, Plaintiff applied for a position as a physician (orthopedic surgeon) at the Louis A. Johnson VA Medical Center in Clarksburg, West Virginia ("Clarksburg VAMC"). [Id. ¶ 16; see also ECF No. 28-1 at ¶ 4].

In July 2015, after an interview and visit to the facility, the Clarksburg VAMC indicated it would offer Plaintiff the position. Specifically, on July 14, 2015, Dr. Riaz Cassim, Chief of Surgery, sent Plaintiff an email stating that Responding Management Official and Chief of Staff/Acting Director Dr. Glenn Snider "has agreed to make you an offer for employment. The necessary paperwork will ensue this week and you should have a letter of offer early next week." Later, on or about July 24, 2015, Clarksburg VAMC told Plaintiff he did not meet the hospital's credentialing requirements, and he became aware he would not be hired for the position. [ECF No. 7 ¶¶ 17-18; see also ECF No. 28-8 at ¶¶ 5-8].

Several months after being denied the position at the Clarksburg VAMC, Plaintiff accepted a position with the Lee Regional Medical Center in Gallup, New Mexico. [ECF No. 7 at 9, 15]. Plaintiff now resides in Hobbs, NM. [Id. at 1 and 2, ¶ 5].

On August 18, 2015, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that Clarksburg VAMC's requirement that a physician has or be eligible for certification by the American Board of Orthopedic Surgery ("ABOS") or complete a post-graduate training program in orthopedic surgery accredited by the Accreditation Council for Graduate Medical Education ("ACGME") has a disparate impact on foreign born applicants. [ECF No. 7, ¶¶ 1, 26-30].

On October 24, 2018, a hearing was held before Administrative Law Judge John Alvin Henderson. On March 31, 2020, ALJ Henderson entered a decision in favor of the Secretary for the United States Department of Veteran Affairs. [ECF No. 7, 9-26]. The ALJ held that while

Plaintiff (Complainant) is within a Title VII protected class due to his national origin, he is otherwise qualified for the position due to his residency and admitting privileges, and he was not hired for the position, Plaintiff could not establish the fourth required element for a prima facia disparate treatment case – he could not show a causal nexus between the nonselection and his protection basis. [ECF No. 7 at 19]. The ALJ concluded the decision by finding that Plaintiff (Complainant) "did not establish by a preponderance of the evidence that the Agency discriminated against him based on his national origin[.]" [ECF No. 7 at 25].

The initial Complaint in this matter was filed on August 27, 2020 in the U.S. District Court for the District of New Mexico. [ECF No. 1]. An Amended Complaint was filed on September 21, 2020. [ECF No. 7]. In the Amended Complaint, Plaintiff alleges that the Clarksburg VAMC's credentialing requirements violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, because they had a disparate impact on physicians based upon their national origin. [Id. ¶¶ 1, 26-30, 11]. Plaintiff further contends that the denial of the position violated Title VII because it constituted disparate treatment on the basis of national origin. [Id. ¶¶ 1, 31-36, 12].

In the Motion to Dismiss or Transfer, filed on May 26, 2021, Defendant argued that the court should dismiss this action as untimely pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff did not file this action within ninety (90) days of receipt of the agency final action as require by 29 C.F.R. § 1614.407(a), and this civil action is untimely by seventeen (17) days. [ECF No. 28 at 6]. In the alternative, Defendant moved the U.S. District Court for the District of New Mexico to dismiss or transfer this action to the Northern District of West Virginia because New Mexico was an improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). [Id. at 6-9].

In Response, filed on May 27, 2021, Plaintiff asserts that he never received a notice from either the EEOC or the VA that included an explanation of the timing of his right to file a civil action in federal district court. [ECF No. 30].

In Reply, filed on May 28, 2021, Defendant addresses the doctrine of equitable tolling and asserts inadequate notice cannot be attributed to any fault of the Defendant, and that "active deception" is required for tolling. [ECF No. 31 at 4].

On June 1, 2021, Plaintiff filed a statement with the Court stating: "1. I did not know that after 40 days the EEOC decision is considered as agency's decision and agency do not have to give a decision. 2. I did not know the 90 days time limit to file in federal court from when the decision becomes final." [ECF No. 33].

By Order dated September 22, 2021, the District Court for the District of New Mexico, by U.S. Magistrate Judge Steven C. Yarbrough, granted Defendant's motion, in part, finding that transfer was appropriate as the proper venue for this action was the U.S. District Court for the Northern District of West Virginia. [ECF No. 34].

The District Court for the District of New Mexico held the motion to dismiss in abeyance for this Court to handle upon transfer. The Order, [ECF No. 34 at 3], explained that the U.S. Supreme Court has held that one possible application for "the doctrine of equitable tolling" in the context of Title VII is "a case in which a claimant has received inadequate notice." Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) (citing Gates v. Georgia-Pacific Corp., 492 F.2d 292 (9th Cir. 1974)); see Brezovski v. U.S. Postal Serv., 905 F.2d 334, 336 (10th Cir. 1990) (the "Supreme Court has suggested courts may toll a limitations period when a claimant has received inadequate notice"). Because of Plaintiff's *pro se* status and the court's obligation to liberally construe *pro se* arguments, the District Court for the District of New Mexico "construe[d]

Plaintiff's argument that he received inadequate notice as an argument that equitable tolling should apply to excuse his late filing." [ECF No. 34 at 3]. The Order explains that federal courts are split on the question of whether equitable tolling on the basis of inadequate notice requires affirmative misconduct on the part of Defendant, and "[b]ecause this question does not have an indisputably clear answer," the District Court for the District of New Mexico deferred the timeliness decision to the district court with the proper venue – this Court. [Id. at 3-4 (citing Staropoli v. Donahoe, 786 F. Supp. 2d 384, 393 (D.D.C. 2011) (applying equitable tolling under similar circumstances) and Jones v. Spencer, No. 17cv145, 2018 WL 3945384, at *5 (E.D.N.C. Aug. 16, 2018) (declining to apply tolling), *aff'd on other grounds*, 757 F. App'x 275 (4th Cir. 2019))].

The case was transferred on September 23, 2021. [ECF No. 34 and 35]. After transfer to the Northern District of West Virginia, both Plaintiff and Defendant submitted to the Court a notice and consent to have a United States Magistrate Judge conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. [ECF No. 48 and 49].[2] On January 7, 2022, United States District Judge Thomas S. Kleeh entered an Order, [ECF No. 50], granting the parties' motion for referral to a U.S. Magistrate Judge and referring the matter to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

## II.   LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be

---

[2] The Court would note that the parties likewise consented to having an U.S. Magistrate Judge preside over this matter in the U.S. District Court for the District of New Mexico, but where the docketing of the parties' consents in New Mexico did not comply with the local docketing procedures for the Northern District of West Virginia, the Clerk's Office sent AO Form 85, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," to the parties for their reconsideration and consent.

granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A motion to dismiss under Rule 12(6)(b) tests the "legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 545. The facts must constitute more than "a formulaic recitation of the elements of a cause of action." Id. at 555. A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992).

Dismissal may, however, be appropriate when a meritorious affirmative defense, such as the governing, expired statute of limitations, is clear from the face of the complaint. Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005); Brooks v. City of Winston–Salem, 85 F.3d 178, 181 (4th Cir. 1996) (citing Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 250 (4th Cir. 1993)); and Johnston v. Berryhill, 2018 WL 4677870, at *2 (N.D. W. Va. Jan. 3, 2018); see also 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357, at 352 (3d ed. 2019) ("A complaint showing that the governing statute of limitations has run on the

plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading[,]" rendering dismissal appropriate).

An EEOC complainant "who has filed an individual complaint . . . is authorized under [T]itle VII . . . to file a civil action in an appropriate United States District Court . . . [w]ithin 90 days of receipt of the agency final action on an individual or class complaint." 29 C.F.R. § 1614.407(1). See also 42 U.S.C. § 2000e–16(c); Al-Saffy v. Vilsack, 54 F. Supp. 3d 79, 85 (D.D.C. 2014); and Wiley v. Johnson, 436 F.Supp.2d 91, 96 (D.D.C.2006).

Throughout the administrative process, the complainant must be provided adequate notice of his rights, including his appeal rights and right to file a civil action in federal court. Jones v. Spencer, No. 4:17-CV-00145-FL, 2018 WL 3945384, at *3 (E.D.N.C. Aug. 16, 2018), aff'd on other grounds, 757 F. App'x 275 (4th Cir. 2019). The complainant must also be provided notice of the deadlines for taking such actions. Id. (citing 29 C.F.R. §§ 1614.110(a) & (b)). When a complainant fails to abide by the required deadlines, the court must dismiss the action, unless waiver, estoppel or equitable tolling applies. Id. (citing 29 C.F.R. § 1614.604(c); Zografov v. V.A. Med. Center, 779 F.2d F.2d 967, 969–70 (4th Cir. 1985) (affirming district court's dismissal of plaintiff's Title VII claims against his federal employer for failure to comply with pre-complaint administrative regulations)). See also Wiley v. Johnson, 436 F.Supp.2d 91, 96 (D.D.C.2006) ("Courts apply the ninety-day time limit [for filing a civil action] strictly and will dismiss a suit for missing the deadline by even one day.").

### III.     ANALYSIS

The present question is whether Plaintiff timely filed this civil action after the agency's final decision and, if not, whether Plaintiff may nonetheless proceed based upon the doctrine of equitable tolling.

*1. Timeliness*

"Following investigation of the formal complaint, the complainant may either request hearing and decision from an administrative law judge or request a final decision from the agency with which the complaint was filed." Jones, 2018 WL 3945384, at *3 (citing 29 C.F.R. § 1614.108(f)). "If the complainant chooses the former course of action, then '[w]hen [the] administrative judge . . . issue[s] [his or her] decision . . . , the agency shall take final action on the complaint by issuing a final order within 40 days of receipt of the hearing file and . . . decision.'" Id. (citing 29 C.F.R. § 1614.110(a)). "The agency's final order must provide the complainant with notice of his right to appeal to the EEOC and right to file a civil action in federal district court, as well as notice of required deadlines for taking such actions." Id. If the agency fails to issue a final order within the required forty-day (40) time period, "then the decision of the administrative judge shall become the final action of the agency." 29 C.F.R. § 1614.109(i)). See also Jones, 2018 WL 3945384, at *3, Al-Saffy v. Vilsack, 827 F.3d 85, 89 (D.C. Cir. 2016); and Black v. Shinseki, No. CIV.A. 3:11-0675, 2012 WL 714389, at *2 (S.D.W. Va. Mar. 5, 2012) ("Plaintiff is correct that the ALJ's Dismissal Order became a final agency action on August 1, 2011, 40 days after it was issued. The 90–day limitation period then began to run[.]").

Here, on March 31, 2020, ALJ Henderson issued his decision in favor of the respondent, the Defendant in the instant action, the Secretary for the U.S. Department of Veteran Affairs. The agency failed to issue a final order within forty days of the receipt of the hearing file and decision as required under 29 C.F.R. § 1614.110(a). Accordingly, the March 31, 2020 decision of the administrative law judge became the final decision of the agency on May 11, 2020. *See* 29 C.F.R. §§ 1614.109(i), 1614.604(d). Plaintiff was, thus, authorized to bring an action in district court within ninety (90) days of the May 11, 2020. In other words, to be timely, Plaintiff needed to bring

an action in district court by August 10, 2020. Plaintiff initiated this action on August 27, 2020, seventeen days after the statutory deadline. Accordingly, Plaintiff's initiation of this civil action is untimely as it occurred more than 90 days after receipt of the agency final action. The remaining question is whether this Court may equitably toll the statute of limitations where Plaintiff argues he received inadequate notice.

    2. *Equitable Tolling*

If a claimant does not file within the 90–day period a court may equitably toll the statute of limitations in the following circumstances: (1) the claimant received inadequate notice, (2) a motion for appointment of counsel is pending, (3) the court led the plaintiff to believe that she completed all necessary requirements, or (4) the defendant's affirmative misconduct lulled the plaintiff into inaction. *See* Turner v. HCR Manor Care, No. 1:12CV24, 2012 WL 5948822, at *5 (N.D.W. Va. Oct. 24, 2012), *report and recommendation adopted sub nom.* Turner v. HCR Manorcare, No. 1:12CV24, 2012 WL 5948755 (N.D.W. Va. Nov. 28, 2012) (Keeley, J.) (citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)). *See also* Watts–Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir.1993) (noting that 90–day time limit in discrimination actions is subject to equitable tolling) *and* Fortune v. Holder, 767 F.Supp.2d 116, 120 (D.D.C.2011) (quoting Bowden v. United States, 106 F.3d 433, 437 (D.C.Cir.1997) ("[T]he administrative time limits created by the EEOC erect no jurisdictional bars to bringing suit. Rather, functioning like statutes of limitations, these time limits are subject to equitable tolling, estoppel, and waiver.").

Application of equitable tolling is within the court's discretion. *See* Hentosh v. Old Dominion Uni., 767 F.3d 413, 417 (4th Cir. 2014); *see also* Coleman v. Talbot Cty. Det. Ctr., 242 F. App'x 72, 74 (4th Cir. 2007) (citing Smith v. Pennington, 352 F.3d 884, 892 (4th Cir.2003) ("A

decision regarding equitable tolling is reviewed for abuse of discretion except when, as here, the facts are undisputed and the district court denies tolling as a matter of law.") *and* Crabill v. Charlotte Mecklenburg Bd. of Educ., 423 F. App'x 314, 321 (4th Cir. 2011) ("Equitable tolling is a discretionary doctrine that 'turns on the facts and circumstances of a particular case.'").

Otherwise, a claimant's failure to bring suit within 90 days generally forfeits his right to pursue the claim. Id. (citing 466 U.S. at 152, 104 S.Ct. at 1726) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). *But see* Stewart v. Iancu, 912 F.3d 693, 704 (4th Cir. 2019) ("Permitting the agency to repeatedly confuse litigants in this manner would only further pervert Title VII's remedial purpose."); Alvarado v. Board of Trustees of Montgomery Community College, 848 F.2d 457, 460 (4th Cir. 1988) ("Title VII does not require procedural exactness from lay complainants.").

As previously stated, the question of whether inadequate notice, where the agency failed to issue a final order and the ALJ's decision became a *de facto* final decision, allows for equitable tolling of the 90-day period does not have an indisputably clear answer. [ECF No. 34 at 3]. Furthermore, the Fourth Circuit has not squarely addressed this issue. *See* Jones v. Spencer, No. 4:17-CV-00145-FL, 2018 WL 3945384, at *5 (E.D.N.C. Aug. 16, 2018), *aff'd on other grounds*, 757 F. App'x 275 (4th Cir. 2019) (stating the same). However, the Fourth Circuit has repeatedly advised that "equitable tolling is a 'narrow limitations exception' that is to be used sparingly." *See* Belton v. City of Charlotte, 175 F. App'x 641, 653 (4th Cir. 2006) (citing Olson v. Mobil Oil Corp., 904 F.2d 198, 201 (4th Cir.1990) (en banc).

Under similar facts in Staropoli v. Donahoe, the U.S. District Court for the District of Columbia held that a lack of adequate notice of the statute of limitations provided a basis for

equitable tolling. 786 F. Supp. 2d 384, 392 (D.D.C. 2011). In Staropoli, the plaintiff alleged disparate treatment and disparate impact discrimination on the basis of sex. Id. at 387. Plaintiff appropriately filed an EEOC charge and after moving through the administrative process, the agency took final action on the plaintiff's administrative complaint forty (40) days after the ALJ's decision, when the ALJ's decision automatically became the final agency action under operation of law pursuant to 29 C.F.R. § 1614.109(i). Defendant argued that the plaintiff then had thirty (30) days to either appeal the agency action or ninety (90) days to file a civil action in federal court, but plaintiff did neither, instead filing an appeal almost one year later. Staropoli, 786 F. Supp. 2d at 389. Defendant filed a motion to dismiss on the basis that the plaintiff's claim was time-barred as she did not exhaust administrative remedies and timely appeal the ALJ's decision. The plaintiff argued in response that because the ALJ's decision did not contain proper notices regarding the relevant time limits, equitable tolling was appropriate even if the appeal were considered untimely.

      The Staropoli court agreed with plaintiff, finding that the ALJ's decision contained deficient notice, as it did not clearly advise plaintiff that the thirty-day appeal period commenced after forty (40) days if the Agency had not issued its final order by then, did not advise plaintiff of the applicable ninety-day time limit for filing suit, and did not inform the plaintiff of the name of the proper defendant in a civil suit.[3] The Starpoli court held that "ALJ decisions that become final

---

[3] The language used in the Staropoli's ALJ decision reads:
> This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to C.F.R. § 1614.109(b), 109(g) or 109(i). With the exception detailed below, the complainant may not appeal to the Commission directly from this decision. EEOC regulations require the Agency to take final action on the complaint by issuing a final order notifying the complainant whether or not the Agency will fully implement this decision within forty (40) calendar days of receipt of the hearing file and this decision. The complainant may appeal to the Commission within thirty (30) calendar days of receipt of the Agency's final order . . . If the Agency has not issued its final order within forty (40) calendar days of its receipt of the hearing file and this decision, the complainant may file an appeal to the Commission directly from this decision.

Staropoli, 786 F. Supp. 2d at 389–90.

agency action by operation of law also must provide comparable notices in order to trigger the applicable statutes of limitations for appeals and civil lawsuits.[4] It would frustrate the very purpose of the notice regulations to hold that ALJ decisions may automatically trigger the status of limitations without providing notices equivalent to those required by § 1614.110." Staropoli, 786 F. Supp. 2d 384, 390 (D.D.C. 2011).

Importantly, the Staropoli court also noted that a plaintiff must still act with reasonable diligence to preserve her rights or her claim may be defeated by the defense of laches. Id. (citing Wilson, 79 F.3d at 163 n. 4 ("[E]ven where the notice is defective, [Title VII] complainants still must file suit within a reasonable time or may be defeated by a laches defense."), and Williams, 663 F.2d at 188 ("When an agency or department has taken final action but has failed to issue a proper notice, we determine that an employee can bring an action in district court within a reasonable time. Of course, when the agency neglects to issue proper notice the right to sue would not continue forever because of the defense of laches.")).

Ultimately, the Staropoli court concluded that equitable tolling was warranted where inadequate notice was provided in the ALJ's decision, where the plaintiff's delay was not so lengthy as to indicate a lack of due diligence, and where defendant did not indicate that any prejudice resulted from plaintiff's delay. Staropoli, 786 F. Supp. 2d at 392-393 (citing Battle v.

---

[4] The Staropoli court also noted that the U.S. Court of Appeals for the District of Columbia has previously "held that a final agency decision issued without notice or with defective notice simply does not trigger the ordinarily applicable statute of limitations period for filing a civil suit under Title VII." Staropoli, 786 F. Supp. 2d at 393 (citing Wilson v. Pena, 79 F.3d 154, 163 (D.C.Cir.1996) ("[T]he EEOC's failure to apprise [the plaintiff] of the correct limitations period means that the period never began to run.") and Williams v. Hidalgo, 663 F.2d 183, 188 (D.C.Cir.1980) ("[The plaintiff] never received proper notice, and therefore the thirty-day period has never begun.")). While this analysis varies from equitable tolling, it leads to the same results – lenience for a plaintiff who never received proper notice of an agency's final decision. Staropoli, 786 F. Supp. 2d at 393, n. 7.

Rubin, 121 F.Supp.2d 4, 8 (D.D.C.2000) (equitable tolling requires a plaintiff to exercise due diligence)).

Here, like Staropoli, the underlying ALJ's decision,[5] issued on March 3l, 2020, did not clearly advise Plaintiff that the thirty-day appeal period commenced after forty (40) days if the agency had not issued its final order by then, did not advise plaintiff of the applicable ninety-day time limit for filing suit, and did not inform the plaintiff of the name of the proper defendant in a civil suit. *Compare supra* n. 3 *and* n. 5. Final orders must contain these notices in accordance with 29 C.F.R. § 1614.110.[6] The undersigned finds where the agency failed to issue a final order providing proper notices to Plaintiff pursuant to § 1614.110, where the ALJ's decision became the final order by operation of law and that decision did not provide proper notice to Plaintiff, and thus, Plaintiff received inadequate notice, equitable tolling is appropriate in this case.

---

[5] The language used in the underlying ALJ's decision here reads:
> This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to C.F.R. § 1614.109(b), 109(g) or 109(i). With the exception detailed below, the complainant may not appeal to the Commission directly from this decision. EEOC regulations require the Agency to take final action on the complaint by issuing a final order notifying the complainant whether or not the Agency will fully implement this decision within forty (40) calendar days of receipt of the order entering judgment and this decision. The complainant may appeal to the Commission within thirty (30) calendar days of receipt of the Agency's final order. The complainant may file an appeal whether the Agency decides to fully implement this decision or not. The Agency's final order shall also contain notice of the complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Commission in accordance with 29 C.F.R. § 1614.403, and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached. A copy of the final order shall also be provided by the Agency to the Administrative Judge. If the Agency has not issued its final order within forty (40) calendar days of its receipt of the order entering judgment and this decision, the complainant may file an appeal to the Commission directly from this decision.

[ECF No. 1 at 25].

[6] 29 C.F.R. § 1614.110 reads "The final order shall notify the complainant whether or not the agency will fully implement the decision of the administrative judge and shall contain notice of the complainant's right to appeal to the Equal Employment Opportunity Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for appeals and lawsuits."

Furthermore, the delay in this case in not so lengthy as to indicate a lack of due diligence. Plaintiff filing of the instant action was a mere seventeen (17) days outside the ninety-day time period, and Defendant does not argue any prejudice from Plaintiff's delay. While equitable tolling should be used sparingly, the facts and circumstances of this case support the Court's application of such an exception here, where the agency's failure to take final action made the ALJ's decision the final action by operation of law and the ALJ's decision provided inadequate notice to the Plaintiff, as required by 29 C.F.R § 1614.110, as to the applicable time limits for appeals and civil lawsuits.

In sum, while Plaintiff was untimely in filing this civil action after the agency's final decision, the Plaintiff may nonetheless proceed based upon the doctrine of equitable tolling where he received inadequate notice of the applicable time limits for appeals and civil lawsuits.

### IV.   CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss, [ECF No. 28], is **DENIED**. The Clerk is directed to transmit copies of this Order to all counsel of record herein and to any *pro se* parties by certified mail.

It is so **ORDERED**.

DATED: January 18, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE